**[TAC]**                                                          **PUBLISH**

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

---

No. 94-8519

---

D.C. Docket No. 1:91-CV-1926-JEC

VICTORIA DOYLE, DUFFEY DOYLE,

Plaintiffs-Appellants,

versus

VOLKSWAGENWERK AKTIENGELELLSCHAFT,
VOLKSWAGEN OF AMERICA, INC.,

Defendants-Appellees.

---

Appeal from the United States District Court for the
Northern District of Georgia

---

**(June 12, 1997)**

Before TJOFLAT and BARKETT, Circuit Judges, and CLARK, Senior
Circuit Judge.

CLARK, Senior Circuit Judge:

This is a defective products case brought by plaintiffs-appellants Victoria and Duffey Doyle in the United States District Court for the Northern District of Georgia. Victoria Doyle alleged that she purchased a new 1989 Volkswagen Jetta, which was manufactured by defendant-appellee Volkswagen Akteingesellschaft and imported into the United States by defendant-appellee Volkswagen of America, Inc. The Jetta was equipped with an automatic shoulder belt that required no action by the vehicle occupants. By design, the Jetta did not have a lap belt at the driver's or front seat passenger's position; instead, it used knee bolsters to prevent a person from sliding under the belt during a collision.

On August 18, 1989, while driving her new Jetta, Victoria Doyle was struck in the rear by another vehicle. As a result of the collision, Ms. Doyle sustained severe injuries to her right breast. Ms. Doyle's experts are prepared to testify that these injuries were caused by the shoulder belt and were exacerbated by the absence of a lap belt: without a lap belt to absorb a portion of the force of the impact, a majority of the force of the impact was focused on Ms. Doyle's right breast.

Plaintiffs' complaint set out three theories of liability: negligence, strict liability, and breach of the implied warranty of fitness. Plaintiffs filed a motion for partial summary judgment with the district court and provided the court with various literature outlining the alleged known dangers of the

2

shoulder belt only system. Defendants also filed a motion for partial summary judgment. They alleged that the Jetta seat belt system complied with the Federal motor vehicle safety standards promulgated under the authority of the National Traffic and Motor Vehicle Safety Act;[1] defendants argued that they were entitled to judgment as a matter of law because either (1) they had no duty under Georgia law to exceed these federal standards, or (2) plaintiffs' common law claims were preempted by the federal standards.

The district court granted defendants' motion for partial summary judgment and denied plaintiffs' motion. The court concluded that the Jetta seat belt system complied with the applicable federal standards, notwithstanding the absence of a lap belt. We concur in that conclusion. The district court further concluded that Georgia law as delineated in Honda Motor Co. v. Kimbrel[2] does not hold automobile manufacturers to a higher standard than federal requirements; thus, a plaintiff cannot recover under Georgia law for negligently creating a defective condition when the manufacturer is in compliance with federal standards. Because the Jetta seat belt system at issue was in compliance with federal standards, the court concluded that defendants could not be liable to plaintiffs as a result of the absence of a lap belt. Finding plaintiffs' claims precluded under

---

[1] Pub. L. No. 89-563, 80 Stat. 718 (1966) (codified at 15 U.S.C. §§ 1381-1431).

[2] 189 Ga. App. 414, 376 S.E.2d 379 (Ga. App. 1988), cert. denied (Feb. 15, 1989).

Georgia law, the district court found it unnecessary to reach the preemption issue.

At a time after the district court's decision, this Circuit held that standards promulgated under the National Traffic and Motor Vehicle Safety Act do *not* preempt common law claims. Myrick v. Freuhauf Corp., 13 F.3d 1516 (11th Cir.), cert. granted, __ U.S. ___, 115 S.Ct. 306. 130 L.Ed.2d 218 (1994). The Supreme Court affirmed this Circuit's decision. Freightliner Corp. v. Myrick, ___ U.S. ___, 115 S.Ct. 1483, 131 L.Ed.2d 385 (1995).

On April 24, 1996, we certified to the Georgia Supreme Court a question respecting whether Georgia law precludes personal injury product liability claims when an automobile manufacturer sells an automobile to a Georgia citizen and the automobile is in compliance with the National Traffic and Motor Vehicle Safety Act. The Georgia Supreme Court answered our certified question in the negative. Reference should be made to that court's holding, but we quote two separate statements:

> Georgia common law permits a Georgia citizen to sue an automobile manufacturer despite the manufacturer's compliance with the standards established by the National Automobile Safety Act.[3]

and

> The focus of the Safety Act is to reduce deaths and injuries from automotive accidents by promoting and enhancing safer automobile design. To that end, we determine that our state common law permits its citizens to pursue a personal injury product liability claim again an automobile manufacturer even if

---

[3] 481 S.E.2d 518, 519 (Ga. 1997).

4

the automobile is in compliance with the Safety Act. This decision will not make the manufacturer an insurer of its product, for there is no duty to design an accident-proof vehicle. All we do today is affirm that proof of compliance with federal standards or regulations will not bar manufacturer liability for design defect as a matter of law.[4]

In light of the Georgia Supreme Court's interpretation of the relationship between Georgia common law and the National Automobile Safety Act, we REVERSE the district court's decision in this case and REMAND to the district court for further proceedings.

REVERSED and REMANDED.

---

[4] Id. at 521.